UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN ENSLEY and
JAMES C. NOBLE,

    Plaintiffs,

 v.

                                   Case No. 23-CV-341

WILLIAM BALLOL and
JASON CONNER,

    Defendants.

## ORDER SCREENING COMPLAINT

On March 15, 2023, Ryan Ensley and James Noble filed a *pro se* complaint against William Ballol and Jason Conner. (Docket #1.) Additionally, Ensley filed a motion for leave to proceed without prepaying the filing fee. (Docket # 2.) While Ensley has arguably established indigence, Noble has not asked for leave to proceed without prepaying the filing fee. "[I]ndigent litigants are not permitted to file joint motions for leave to proceed IFP and instead each plaintiff in a case seeking leave to proceed IFP must file a separate motion for IFP status." *McGinnis v. Perry Cnty. Ct.*, No. CIV. 11-802-GPM, 2011 WL 4344211, at *1 n.1 (S.D. Ill. Sept. 14, 2011). Also, the plaintiffs' complaint, as currently pled, fails to properly allege subject matter jurisdiction. For these reasons, plaintiffs will be given leave to file an amended complaint and Noble will be given an opportunity to submit his individual *in forma pauperis* motion.

# ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief can be grants, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As stated above, only Ensley moves for leave to proceed without prepaying the filing fee. Ensley avers that he receives $900 per month in wages and has $1,333 per month in expenses. (Docket # 2 at 2–3.) Ensley's only other asset is a vehicle worth approximately $1,000. (*Id.* at 3.) Noble, however, does not move for leave to proceed without prepaying the filing fee, and indigent litigants are not permitted to file joint motions. *See McGinnis*, 2011 WL

4344211, at *1 n.1. Thus, I cannot properly assess whether the parties can proceed *in forma pauperis* without Noble submitting his own motion. Noble will have until **April 7, 2023** to file a motion for leave to proceed without prepaying the filing fee.

Additionally, the plaintiffs' complaint, as currently pled, fails to allege subject matter jurisdiction. In the complaint, Ensley alleges that he "used to hook up with Jason Conner when Jason Conner broke in to my Wi-Fi and sent a link a [sic] software that him and William Ballol had set up." (Docket # 1 at 3.) Ensley further alleges that one or both of the defendants stole $10,000 from both he and Noble, sexually harassed Ensley on the internet, sent people to Ensley's job, and followed Ensley around town. (*Id.*) Ensley also appears to allege that Conner recorded him without his permission while they "hooked up" and that he made money from the video on the Only Fans website. (*Id.*)

Federal courts are limited in the cases they can consider and decide. A federal court can decide cases involving violations of federal laws or the federal Constitution, 28 U.S.C. § 1331, or cases between citizens of differing states, 28 U.S.C. § 1332. The complaint leaves blank the section asking the plaintiffs to address the court's jurisdiction. (Docket # 1 at 4.) The complaint does not appear to allege any causes of action falling under federal law. And to the extent the plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiffs include no information regarding where Noble or either of the defendants resides. (*Id.* at 2–3.) *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000) (finding that in order for diversity jurisdiction to lie with the federal courts, there must be complete diversity of citizenship between all plaintiffs and all defendants). For these reasons, the complaint, as currently pled, fails to properly establish the Court's subject matter jurisdiction.

I will, however, give plaintiffs leave to amend their complaint in accordance with this decision. In other words, plaintiffs must properly allege this Court's jurisdiction. This means the plaintiffs must either properly state a claim under a specific federal law or show that the plaintiffs and defendants are citizens of different states and that plaintiffs are claiming $75,000 or more in damages. *See* 28 U.S.C. § 1332. Plaintiffs will have until **April 7, 2023** to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiffs are advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should plaintiffs fail to file an amended complaint by **April 7, 2023**, I will recommended that this action be dismissed with prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Noble is to submit a motion for leave to proceed without prepaying the filing fee by **April 7, 2023**. The Clerk's Office shall send Noble a copy of the form along with this Order.

**IT IS FURTHER ORDERED** that plaintiffs must submitted an amended complaint by **April 7, 2023** in accordance with this decision. The Clerk's Office shall send the plaintiffs a copy of the complaint form along with this Order. Failure to timely submit an amended complaint will result in a recommendation that this action be dismissed with prejudice.

4

Dated at Milwaukee, Wisconsin this 23rd day of March, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge