UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN ENSLEY and
JAMES C. NOBLE,

    Plaintiffs,

 v.

WILLIAM BALLOL and
JASON CONNER,

    Defendants.

Case No. 23-CV-341

---

## REPORT AND RECOMMENDATION SCREENING THE COMPLAINT

---

On March 15, 2023, Ryan Ensley and James Noble filed a *pro se* complaint against William Ballol and Jason Conner. (Docket #1.) Additionally, Ensley filed a motion for leave to proceed without prepaying the filing fee. (Docket # 2.) In an order dated March 23, 2023, I found that while Ensley had arguably established indigence, Noble had not asked for leave to proceed without prepaying the filing fee. (Docket # 4.) Plaintiffs were instructed that "indigent litigants are not permitted to file joint motions for leave to proceed IFP and instead each plaintiff in a case seeking leave to proceed IFP must file a separate motion for IFP status," citing *McGinnis v. Perry Cnty. Ct.*, No. CIV. 11-802-GPM, 2011 WL 4344211, at *1 n.1 (S.D. Ill. Sept. 14, 2011). (Docket # 4.) Noble was given until April 7, 2023 to file his own motion for leave to proceed without prepaying the filing fee. (*Id.*) In addition, Plaintiffs were informed that their complaint, as currently pled, failed to properly allege this Court's subject matter jurisdiction. (*Id.*) Plaintiffs were also given until April 7, 2023 to file an amended complaint properly alleging this Court's jurisdiction. (*Id.*) Plaintiffs were warned that failure

to file a timely amended complaint would result in a recommendation that the case be dismissed.

On April 4, 2023 and April 7, 2023, the Orders sent to Ensley and Noble, respectively, were returned as undeliverable. (Docket # 5, Docket # 6.) Both plaintiffs reside at the same address. It was discovered that the Court inadvertently transposed two digits in Ensley's and Noble's address (writing "1840B" instead of "1804B"), resulting in the returned mail. The Order was re-sent to Ensley's and Noble's correct address on April 4, 2023. (Docket # 5.) Even accounting for the mailing delay, over three weeks later, neither plaintiff has responded to the Court's March 23, 2023 Order. For this reason, consistent with the Court's warning that failure to comply with the March 23 Order would result in a recommendation of dismissal, I recommend that this action be dismissed.[1]

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiffs' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

Dated at Milwaukee, Wisconsin this 27th day of April, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge