UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN ENSLEY
and JAMES C. NOBLE,

        Plaintiffs,

  v.

WILLIAM BALLOL
and JASON CONNER,

        Defendants.

Case No. 23-cv-341-pp

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 7) AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

---

On March 15, 2023, plaintiffs Ryan Ensley and James Noble filed a *pro se* complaint against William Ballol and Jason Conner. Dkt. No. 1. Plaintiff Ensley also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. On March 23, 2023, Magistrate Judge Nancy Joseph screened the complaint, noting that although Ensley arguably had demonstrated that he was indigent, Noble had not asked the court for leave to proceed without prepaying the filing fee. Dkt. No. 4 at 1. Judge Joseph pointed out that indigent litigants may not file joint motions for leave to proceed without prepaying the filing fee. Id. at 2–3 (citing McGinnis v. Perry Cty. Court, No. CIV. 11-802-GPM, 2011 WL 4344211, at *1 n.1 (S.D. Ill. Sept. 14, 2011)). She concluded that she was unable to properly assess whether the parties could proceed without prepaying the filing fee until Noble filed his own motion. Id. at 3. Judge Joseph

1

set a deadline of April 7, 2023 for Noble to file a motion to proceed without prepaying the filing fee. Id. at 3, 4.

In the March 23, 2023 screening order, Judge Joseph also found that the complaint failed to allege subject matter jurisdiction. Dkt. No. 4 at 3. Judge Joseph summarized the complaint's allegations as follows:

> In the complaint, Ensley alleges that he "used to hook up with Jason Conner when Jason Conner broke in to my Wi-Fi and sent a link a [sic] software that him and William Ballol had set up." (Docket # 1 at 3.) Ensley further alleges that one or both of the defendants stole $10,000 from both he and Noble, sexually harassed Ensley on the internet, sent people to Ensley's job, and followed Ensley around town. (*Id.*) Ensley also appears to allege that Conner recorded him without his permission while they "hooked up" and that he made money from the video on the Only Fans website. (*Id.*)

Id. (citing Dkt. No. 1). Judge Joseph explained that federal courts are limited in the cases they can consider, and that a federal court can decide only cases involving violations of federal laws or the federal Constitution, 28 U.S.C. §1331, or cases between citizens of different states, 28 U.S.C. §1332. Id. Judge Joseph observed, however, that the plaintiffs had left blank the section asking them to address the basis of the court's jurisdiction. Id. (citing Dkt. No. 1 at 4). Judge Joseph found that the complaint did not appear to allege any cause of action falling under federal law, nor did it include any information regarding where Noble or either defendant resides. Id. (citing Dkt. No. 1 at 2–3). Therefore, Judge Joseph concluded that the complaint failed to properly establish the court's subject matter jurisdiction. Id. Judge Joseph gave the plaintiffs an opportunity to amend the complaint and add information properly alleging the court's jurisdiction; she gave them a deadline of April 7, 2023 by which to do

2

so. Id. at 4. Judge Joseph warned the plaintiffs that if they failed to file an amended complaint by April 7, 2023, she would recommend to the district court that it dismiss the case. Id.

On April 4, the copy of Judge Joseph's order sent to Ensley at **1840**B South 60th Street, West Allis, WI 53214 was returned as undeliverable. Dkt. No. 5. An annotation on the docket indicates that the clerk's office realized that it inadvertently had switched two digits in the address provided on the complaint; the clerk's office re-sent the order to the corrected address: **1804**B South 60th Street, West Allis, WI 53214. Id. See Dkt. No. 1 at 1, 5 (address provided in plaintiffs' complaint). That order was not returned; there is no indication that the plaintiff did not receive it.

On April 7, the copy of Judge Joseph's order and some blank forms that the clerk's office had sent to Noble at **1840**B South 60th Street, West Allis, WI 53214 were returned as undeliverable. Dkt. No. 6. There is no annotation on the docket indicating that the clerk's office re-sent the materials specifically addressed to Noble to the corrected address. But the complaint provided only one address—1804B S. 60th Street in West Allis. Dkt. No. 1 at 5. The clerk's office mailed Judge Joseph's order to that address and it was not returned.[1]

The court has not received an amended complaint.

---

[1] The complaint does not explain the relationship between the two plaintiffs— whether they are friends, roommates, romantic partners or have some other relationship. Both names are listed on the first page of the complaint. It appears that two different people wrote in the body of the complaint.

3

On April 27, 2023, Judge Joseph issued a report recommending that the court dismiss the case. Dkt. No. 7. Judge Joseph observed that "[e]ven accounting for the mailing delay, over three weeks later, neither plaintiff ha[d] responded to [Judge Joseph's] March 23, 2023 Order." Id. at 2. Judge Joseph advised that the plaintiffs must file any objection to her recommendation within fourteen days of service of the recommendation and warned the plaintiffs that their failure to file timely objections would result in a waiver of their right to appeal. Id. (citing 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2)). The plaintiffs' objections were due on May 11, 2023. Neither plaintiff has filed an objection to Judge Joseph's recommendation, despite the fact that it has been over three weeks—some twenty-five days—since Judge Joseph issued the recommendation. The court has not heard from either plaintiff since it received the complaint on March 15, 2023.

After Judge Joseph issued the April 27, 2023 order, the case was reassigned to this district court. A district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). See also Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson, 170 F.3d at 739 (citations omitted). "The clear error standard

means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

Because neither plaintiff objected, the court reviews Judge Joseph's order for clear error. Judge Joseph did not err in concluding that the complaint did not properly allege the court has subject matter jurisdiction. The court cannot determine that any of the claims in the complaint state causes of action under federal law sufficient to invoke jurisdiction under 28 U.S.C. §1331. The complaint also did not provide enough information for the court to ascertain whether jurisdiction is proper under 28 U.S.C. §1332 because the plaintiffs did not provide any information regarding where either of the defendants resides (and if the defendants reside in the same state as the plaintiffs, the court has no diversity jurisdiction). The court gave the plaintiffs the opportunity to amend the complaint; they did not do so.

The court **ADOPTS** Magistrate Judge Joseph's recommendation. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated in Milwaukee, Wisconsin this 24th day of May, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:23-cv-00341-PP   Filed 05/24/23   Page 5 of 5   Document 8